UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANN DIPIETRO, D.D.S., : | |
|     Plaintiff : | |
| : | |
| vs. : | CIVIL NO. 1:CV-07-1591 |
| : | |
| GLIDEWELL LABORATORIES, : | |
|     Defendant : | |
| : | |
| vs. : | |
| : | |
| IVOCLAR VIVADENT, INC., : | |
|     Third-Party Defendant : | |

*M E M O R A N D U M*

*I.     Introduction*

We are considering a motion for summary judgment filed by Defendant, Glidewell Laboratories. This matter involves Defendant's allegedly defective manufacturing of dental crowns, which were sold to Plaintiff, a dentist. We will examine the motion under the well-established standard. *Lawrence v. City of Philadelphia*, 527 F.3d 299, 310 (3d. Cir. 2008).

*II.    Background*

Plaintiff is a dentist with a practice in Plymouth, PA. Defendant, Glidewell Laboratories ("Glidewell"), fabricated and manufactured dental crowns and bridges for Plaintiff. Around 2001, Plaintiff began experiencing difficulties with the crowns produced by Glidewell, which Plaintiff attributes to a change in manufacturing materials and

processes. These difficulties included discoloration, separation, and flaking of the porcelain surface of crowns. Plaintiff filed the instant suit on February 26, 2007 in the Court of Common Pleas, Luzerne County. On August 29, 2007, the action was removed to the Middle District of Pennsylvania. Plaintiff's complaint included claims under the Restatement of Torts, Second, § 402A, breach of warranty, and negligence. Plaintiff alleges damages of more than $400,000 from repairing the failed product, loss of goodwill, and future time required to replace the defective devices. Glidewell filed a motion for summary judgment on August 5, 2011. Glidewell asserts that Plaintiff's tort claims must be dismissed under the gist of the action and economic loss doctrines. Additionally, Glidewell seeks summary judgment on statute of limitation grounds and a limitation of liabilities clause.

*III.*        *Discussion*

    *A. Tort Claims*

Defendant has moved for summary judgment on Plaintiff's tort claims under the doctrines of "gist of the action" and economic loss.

    *1. The Gist of the Action Doctrine*

The gist of the action doctrine *"*precludes plaintiffs from re-casting ordinary breach of contract claims into tort claims*." eToll Inc., v. Elias/Savion Adver.*, 2002 Pa. Super. 347, 811 A.2d 10, 14 (Pa. Super. Ct. 2002). The doctrine precludes tort claims

> (1) arising solely from a contract between the parties; (2) where the duties allegedly breached were created and grounded in the contract itself; (3) where the liability stems from a contract; or (4) where the tort claim

essentially duplicates a breach of contract claim or the success of which is wholly dependent on the terms of a contract.

*Id.* at 19.  "The critical conceptual distinction between a breach of contract claim and a tort claim is that the former arises out of 'breaches of duties imposed by mutual consensus agreements between particular individuals,' while the latter arises out of 'breaches of duties imposed by law as a matter of social policy.'" *Erie Ins. Exch. v. Abbott Furnace Co.*, 2009 PA Super 88, 972 A.2d 1232, 1238 (Pa. Super. Ct. 2009) (quoting *Reardon v. Allegheny Coll.*, 2007 PA Super 160, 926 A.2d 477, 486-87 (Pa. Super. Ct. 2007)).  In determining whether the gist of the action is in tort or contract, the test is "concerned with the nature of the action as a whole." *Id.*

The Defendant's duties to Plaintiff arise from contractual obligations and a violation of these duties is properly brought as a breach of contract claim.  *See id.* at 1239 (finding defendant's obligation to plaintiff not to design a defective furnace arose from a mutual agreement between parties); *New Hope Books, Inc. v. Data-Vision Prologix, Inc.*, 2003 Phila Ct. Com. Pl. LEXIS 62, *13-14 (Phila Ct. Com Pl. 2003) (holding negligence and strict liability counts are barred by gist of the action and economic loss doctrines where defendant failed to design and produce labels that worked properly).  Plaintiff's attempt to bring breach of contract claims under negligence and section 402A of the Restatement of Torts, Second cannot stand.  We will grant defendant's motion for summary judgment on Plaintiff's tort claims.

*2. The Economic Loss Doctrine*

Defendant asserts that Plaintiff's tort claims are also barred by the economic loss doctrine. This doctrine, like the gist of the action doctrine, seeks to maintain the barrier between torts and contracts claims. *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 671 (3d Cir. 2002). Tort claims for purely economic loss that flow from a contract are precluded under the economic loss doctrine, because they are properly brought as contract claims. *Id.*

The Pennsylvania Superior Court addressed the effect of the economic loss doctrine on contracts between commercial entities and held "negligence and strict liability theories do not apply in an action between commercial enterprises involving a product that malfunctions where the only resulting damage is to the product itself." *REM Coal Co. v. Clark Equipment*, 386 Pa. Super. 401, 563 A.2d 128 (Pa. Super. Ct. 1989) (adopting Supreme Court's position in *East River Steamship Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858 (1986)). This position was later adopted for consumer contracts as well. *Jones v. General Motors Corp.*, 428 Pa Super 544, 631 A.2d 665, 666 (Pa. Super. Ct. 1993). The Pennsylvania Supreme Court has stated that "no cause of action exists for negligence that results solely in economic damages unaccompanied by physical injury or property damage." *Excavation Technologies, Inc. v. Columbia Gas Co. of Pa.*, 604 Pa. 50, 985 A.2d 840, 841 n. 3 (Pa. 2009). Interpreting Pennsylvania law, a federal court held "in cases where a product fails to conform and only economic losses result to the product itself and does not cause physical injury or property damage, 'the

parties' recovery one against the other for economic losses should be limited to an action on that contract and no additional recovery in negligence or strict liability is permitted.'" *Tennis v. Ford Motor Co.*, 730 F. Supp. 2d 437 (W.D. Pa. 2010) (citing *N.Y. State Electric & Gas Corp. v. Westinghouse Electric Corp.*, 387 Pa. Super. 537, 564 A.2d 919, 926 (Pa. Super. Ct. 1989).

In her complaint, Plaintiff brings tort claims based on negligence and section 402A of the Restatement of Torts, Second. The only damage Plaintiff alleges is the failure of the crowns provided by Defendant. Plaintiff does not contend that there was any physical injury or property damage. Recovery for economic loss is properly brought as a breach of contract claim, and under Pennsylvania law the economic loss doctrine precludes recovery under negligence and strict liability claims. Defendant's motion for summary judgment on Plaintiff's negligence and strict liability claims will be granted.

*B. Statute of Limitations*

The statute of limitations for contract claims in Pennsylvania is set forth in 13 Pa.C.S. § 2725 as follows:

> (a) *General rule.* --An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.
>
> (b) *Accrual of cause of action.* --A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and

5

>discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

In Pennsylvania, "the statute of limitations will be tolled where 'evidence reveals that repairs were attempted; representations were made that the repairs would cure the defects; and the plaintiff relied upon such representations.'" Hrycay v. Monaco Coach Corp., 2008 U.S. Dist. Lexis 18055, *9 (E.D. Pa 2008) (quoting *Keller v. Volkswagen of Am.*, 1999 PA Super 153, 733 A.2d 642, 646 (Pa. Super. 1999).  This is a question of fact. *Id.*

Plaintiff filed her complaint on February 6, 2007.  Only seven of the crowns were used within the four-year statute of limitations.  Defendant seeks summary judgment on all but these seven instances.  Plaintiff asserts that her claim arises under the Magnuson Moss Improvement Warranty Act and that the statute of limitations was tolled due to defendant's misrepresentation that the products would be repaired and replaced.  Plaintiff also alleges that there is a seven-year express warranty for repair and replacement of defective devices.

There are genuine issues of material fact regarding defendant's representations to repair or replace defective products.  Plaintiff's deposition discusses Defendant's ongoing offer to fix the products.  This is a question of fact that may toll the statute of limitations.  Defendant's motion for summary judgment on this claim will be denied.

*C. Limitation of Liability*

On the reverse side of the Defendant's prescription form used by Plaintiff for ordering prostheses was a statement that read:

> Subject to the return of a device that is placed and then fails, the lab will repair or replace the device without charge for the cost of materials and workmanship or refund the original price paid, at the lab's option, as follows: (1) all final prosthetics up to 7 years; . . . You agree to pay all other costs of adjustment, repair and replacement of devices . . .

Defendant argues that this clause limits liability for consequential damages. Plaintiff asserts that the limitation of liability clause is not enforceable because there was no consent or acceptance of the quoted terms and the clause is unconscionable.

Consequential damages are recoverable under breach of contract claims, but parties can agree to limit remedies. 13 Pa.C.S. § 2714(c); 13 Pa.C.S. § 2719(c). "Pennsylvania law does not condition enforcement of a limitation of liability provision upon any specific form of consent, and an unsigned contract can include an enforceable agreement to limit liability if both parties manifest their approval of the terms." *Valhal Corp. v. Sullivan Assocs., Inc.* 44 F.3d 195, 201 (3d Cir. 1995). In commercial interactions, clauses limiting damages are generally enforced. *Borden, Inc. v. Advent Ink Co.*, 1997 Pa. Super. LEXIS 3237, 701 A.2d 255, 262 (Pa. Super. Ct. 1997).

"A contractual provision is unconscionable if: 1) one of the parties had no meaningful choice with respect to the provision, and 2) the provision unreasonably favors the other party." *Borden, Inc. v. Advent Ink Co.*, 1997 Pa. Super. LEXIS 3237, 701 A.2d 255, 264 (Pa. Super. Ct. 1997). In determining whether a commercial contract is

7

unconscionable, the court should consider "in light of the general commercial background and the commercial needs of a particular trade, the clause is so one-sided that it is unconscionable under the circumstances." *Id.* at 264 (citations omitted). The party alleging unconscionability carries the burden of proof. *Id.* Limitation of damages clauses will rarely be found unconscionable in commercial settings. *Id.* The disparity between parties in negotiating the contract is a factor in determining whether a limitation of liability clause is unconscionable. *Moscatiello v. Pittsburgh Contractors Equipment Co.*, 407 Pa. Super. 363, 595 A.2d 1190, 1195-96 (Pa. Super. 1991).

      Here, whether the parties manifested consent to the clause is in question. The clause appeared on the back of Defendant's prescription form that Plaintiff used to acquire the products. There was no indication on the front of the form that the reverse side contained additional terms. Neither party presented evidence regarding the commercial background or the disparity between parties in negotiating the contract. Viewing the case in the light most favorable to the non-moving party, as we must in a motion for summary judgment, Defendant has not met its burden to prove that the limitation of liability clause is enforceable.

*IV.*        *Conclusion*

Based on the preceding, we will grant Defendant's motion for summary judgment on counts I and III of Plaintiff's complaint and deny Defendant's motion for summary judgment on counts II and IV.  We will issue an appropriate order.

/s/William W. Caldwell  
William W. Caldwell  
United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANN DIPIETRO, D.D.S., : | |
| Plaintiff : | |
| : | |
| vs. : | CIVIL NO. 1:CV-07-1591 |
| : | |
| GLIDEWELL LABORATORIES, : | |
| Defendant : | |
| : | |
| vs. : | |
| : | |
| IVOCLAR VIVADENT, INC., : | |
| Third Party Defendant : | |

*O R D E R*

AND NOW, this 8th day of November, 2011, upon consideration of defendant's motion for summary judgment (doc. 54) and Plaintiff's response, and pursuant to the accompanying Memorandum, it is ordered that:

>1. Defendant's motion for summary judgment on Counts I and III of Plaintiff's complaint is granted.

>2. Defendant's motion for summary judgment on Counts II and IV of Plaintiff's complaint is denied.

>>/s/William W. Caldwell
>>William W. Caldwell
>>United States District Judge