UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANN DIPIETRO, D.D.S., | : |
| Plaintiff | : |
| | : |
| v. | : CIVIL NO. 1:07-CV-1591 |
| | : |
| GLIDEWELL LABORATORIES, | : |
| Defendant | : |
| | : |
| v. | : |
| | : |
| IVOCLAR VIVADENT, INC., | : |
| Third-Party Defendant | : |

*M E M O R A N D U M*

*I.       Introduction*

We are considering a motion for summary judgment filed by Third-Party

Defendant, Ivoclar Vivadent, Inc. ("Ivoclar").  This matter involves Defendant, Glidewell

Laboratories ("Glidewell"), allegedly manufacturing defective dental crowns, which were

sold to Plaintiff, a dentist.  Ivoclar provided Glidewell with some of the materials used in

producing the crowns and was added as a third-party defendant.  We will examine the

motion under the well-established standard. *Lawrence v. City of Philadelphia*, 527 F.3d

299, 310 (3d. Cir. 2008).

*II.      Background*

Plaintiff is a dentist with a practice in Plymouth, PA.  Defendant, Glidewell

Laboratories, fabricated and manufactured dental crowns and bridges for Plaintiff.

Around 2001, Plaintiff began experiencing difficulties with the crowns produced by

Glidewell, which Plaintiff attributes to a change in manufacturing materials and processes.  These difficulties included discoloration, separation, and flaking of the porcelain surface of crowns.  Plaintiff filed the instant suit on February 26, 2007 in the Court of Common Pleas, Luzerne County.  On August 29, 2007, the action was removed to the Middle District of Pennsylvania.  Glidewell filed a complaint against Third-Party Defendant, Ivoclar Vivadent, on October 19, 2007.  Ivoclar provided some of the materials to Glidewell for the production of the crowns made for Plaintiff.  Glidewell seeks judgment against Ivoclar, indemnification, or contribution for the claims brought by Plaintiff.  Ivoclar filed a motion for summary judgment on August 5, 2011.   Ivoclar argues that Glidewell has failed to establish that the materials provided were defective and caused any harm.  Ivoclar also seeks summary judgment on the basis of the economic loss doctrine for Counts I and III of Plaintiff's complaint.

III.       *Discussion*

*A.  Evidence Establishing that Ivoclar's Materials Were Defective*

"To establish a breach of . . . warranty, plaintiffs must show that the [product] they purchased from defendant was defective."  *Altronics of Bethlehem, Inc. v. Repco, Inc.*, 957 F.2d 1102, 1005 (3d Cir. 1992).  Ivoclar argues that Glidewell has not provided any expert witness testimony or other evidence that supports its claim that the materials provided were defective.

In response, Glidewell points to statements made by Ivoclar's Vice President, Pat Signere, and Plaintiff's expert, Sander White, D.D.S.  Specifically, Signere

told Plaintiff that there were "problems with porcelain particle distribution separating from

the material resulting in pulling and cracking."  These problems occurred in testing in the

lab but did not occur when tested on patients.  Dr. White's expert report indicated that

"The porcelain fractures speak to a procedural error, or to a contamination of materials or

to a defect in the materials themselves."

There is a genuine issue of material fact regarding the materials provided

by Ivoclar.  Ivoclar's motion for summary judgment will be denied.

*B. Economic Loss Doctrine*

Ivoclar asserts that Plaintiff's tort claims are barred by the economic loss

doctrine.  Pursuant to our November 8, 2011 Order (Doc. 77), Plaintiff's tort claims were

dismissed.  Ivoclar's motion to dismiss these claims is moot.

*IV.*          *Conclusion*

Based on the preceding, we will deny Third-Party Defendant's motion for

summary judgment on counts II and IV of Plaintiff's complaint.  Third-Party Defendant's

motion for summary judgment on counts I and III of Plaintiff's complaint is moot.

We will issue an appropriate order.


 /s/ William W. Caldwell
William W. Caldwell
United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ANN DIPIETRO, D.D.S.,             :
        Plaintiff                  :
                                      :
         v.                     :    CIVIL NO. 1:07-CV-1591
                                      :
GLIDEWELL LABORATORIES,     :
        Defendant               :
                                      :
         v.                     :
                                      :
IVOCLAR VIVADENT, INC.,       :
        Third-Party Defendant    :

*O R D E R*

AND NOW, this 31st day of January, 2012, upon consideration of Third-Party Defendant's motion for summary judgment (Doc. 53) and Third-Party Plaintiff's response, and pursuant to the accompanying Memorandum, it is ordered that:

        1. Third-Party Defendant's motion for summary judgment on counts II and IV of Plaintiff's complaint is denied.

        2. Third-Party Defendant's motion for summary judgment on counts I and III of Plaintiff's complaint is moot.

                                  /s/ William W. Caldwell
                                  William W. Caldwell
                                  United States District Judge